**FILED**

**JUN 23 2008**

Clerk, U.S. District and
Bankruptcy Courts

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES L. LIGHT,<br>4079 S. Four Mile Run Drive #201<br>Arlington, VA 22204<br>(571) 312-2576<br><br>      Plaintiff, *Pro Se*<br><br>v.<br><br>JOVITA CARRANZA, Acting<br>Administrator, United States<br>Small Business Administration,<br>409 Third Street, SW<br>Washington, DC 20416,<br><br>      Defendant. | Case: 1:08-cv-01074<br>Assigned To : Urbina, Ricardo M.<br>Assign. Date : 6/23/2008<br>Description: Employ. Discrim.<br><br>Demand for Trial by Jury |



**COMPLAINT FOR DECLARATORY, INJUNCTIVE AND MONETARY RELIEF
ARISING FROM RETALIATION IN VIOLATION OF TITLE VII**

**I. INTRODUCTION**

1.  This is an individual action seeking declaratory and injunctive relief, back pay, including overtime pay and *per diem*, and compensatory damages for violation of the plaintiff's rights to equal employment opportunity under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., and the Privacy Act, 5 U.S.C. § 552a.

2.  Plaintiff contends that defendant has violated his rights as an applicant for federal employment by refusing to select him for one of not less than twenty-three positions in retaliation for plaintiff's participation in Title VII proceedings during and after his prior employment with the United States Small Business Administration ("the SBA"). Plaintiff further contends that

defendant has violated his rights under the Privacy Act by placing untrue and malicious statements, and other alterations, in plaintiff's electronic record in its Privacy Act System of Records, and then relying on said false and malicious statements and other alterations in its scheme to retaliate against plaintiff for his participation in said Title VII proceedings.

## II. JURISDICTION AND VENUE

3. Plaintiff is authorized to invoke the jurisdiction of this Court at this time under the provisions of 42 U.S.C. § 2000e-16 because Plaintiff was an applicant for employment with defendant federal agency, and has fully and timely exhausted his administrative remedies under Title VII of the Civil Rights Act of 1964, as amended. More than 180 days have passed since plaintiff filed his formal complaint of retaliation on November 24, 2004. Plaintiff received his right to sue notification from the Equal Employment Opportunity Commission on March 27, 2008.

4. Venue is properly in this Court because the retaliation complained of, the denial of plaintiff's application for employment, occurred in the District of Columbia.

## III. PARTIES

5. Plaintiff CHARLES L. LIGHT (hereinafter "plaintiff" or "Mr. Light") is a citizen of the United States, currently residing in Arlington, Virginia. At all times relevant herein, Mr. Light was an applicant for employment with the defendant entitled to protection under 42 U.S.C. § 2000e-16(a).

6. Defendant JOVITA CARRANZA (hereinafter "defendant" or "Agency") is the Acting Administrator of the SBA, of which the Office of Disaster Assistance is a part. The Agency is subject to the prohibitions against discrimination set forth in Title VII of the Civil Rights Act of 1964, as amended, and specifically 42 U.S.C. § 2000e-16.

2

## IV. FACTUAL ALLEGATIONS

### A. Prior participation in Title VII proceedings.

7.  At all times relevant herein, ALLAN HOBERMAN was the Director of Disaster Personnel in the Agency Office of Disaster Assistance, and was the official who made the decision to deny Mr. Light's application for employment in September, 2004.

8.  On February 7, 1994, Mr. Light was hired as an attorney-advisor, GS-11, in the Sacramento Office of the Agency Office of Disaster Assistance (hereinafter "DAO4"). He was hired in response to the Northridge earthquake which occurred on or about January 18, 1994. The position was in the excepted service, and was a temporary appointment, not to exceed 60 days.

8.  Mr. Light's temporary appointment was extended as a matter of course until September, 1994.

9.  On or about July 13, 1994, Mr. Light received a $100 spot cash award for "outstanding performance." He was recommended by his direct supervisor, CHET REWERS, for the award, and the recommendation stated that Mr. Light "excel[led] at spotting relevant issues while regularly generating a high volume of work." The award certificate stated, in addition to citing his "outstanding performance," that Mr. Light "handle[d] a full range of cases and [was] a top producer." The award was approved by DAO4 Area Counsel RICHARD MOSER.

10. On August 30, 1994, as a result of events which occurred in his work unit, Mr. Light contacted the EEO Counselor responsible for complaints from his work unit, LYNBERG RUBI, and began the process of filing a formal complaint of gender discrimination (disparate treatment and hostile work environment), and retaliation for opposing unlawful practices. Mr. Light met with the EEO counselor on the morning of August 31, 1994, and filled out forms

3

necessary to his formal complaint under Title VII of the Civil Rights Act of 1964.

11.     On September 2, 1994, with no advance warning and with no reason given, Mr. Light was transferred from his work unit, where he had received a commendation for his "outstanding performance," to a desk outside of the office of the Deputy Area Counsel for DAO4 GARY APPELT. He was not given any specific assignment, and received no training on work which he was expected to perform.

12.     On Friday, September 9, 1994, Deputy Area Counsel GARY APPELT personally handed Mr. Light a letter dated September 12, 1994 which stated that Mr. Light's temporary appointment would not be extended beyond September 24, 1994. The letter made no mention of the events which occurred on August 30, 1004 and after, and gave as the official reason for the Agency decision not to extend the temporary appointment that "[t]he workload has diminished to the point that we must release personnel."

13.     Believing that he was being terminated for the events which occurred on August 30, 1994 and after, and in retaliation for his pursuit of Title VII remedies, Mr. Light contacted the EEO Counselor on Monday, September 12, 1994 and informed Mr. Rubi that he considered himself constructively discharged on September 9, 1994 when he was handed the letter informing him that his appointment would not be extended. Mr. Light asked Mr. Rubi how to amend his complaint to allege constructive discharge in addition to the claims already asserted.

14.     Mr. Rubi informed Mr. Light that in order to assert a claim of constructive discharge, Mr. Light would have to notify the Area Counsel and Deputy Area Counsel in writing of his claim of constructive discharge. Mr. Light drafted a letter of constructive discharge, dated September 14, 1994, and personally delivered originals of the letter to Area Counsel RICHARD

MOSER, and Deputy Area Counsel GARY APPELT, on that date. Immediately after delivering the letter as instructed by the EEO Counselor, Mr. Light left the employment of the Agency.

15.     On September 30, 1994, sixteen days after Mr. Light left his employment with the Agency, Mr. Light's first line supervisor, CHET REWERS, prepared and signed Mr. Light's PMAS Performance Rating as the Rating Official. Mr. Rewers rated Mr. Light "fully successful" in all relevant critical elements, and made no comments regarding Mr. Light's performance, conduct, or relations with colleagues and supervisors in the section where such comments could have been made by the Rating Official.

16.     On October 8, 1994, twenty-four days after Mr. Light had personally served his written notice of constructive discharge on Area Counsel, Area Counsel RICHARD MOSER signed Mr. Light's PMAS Performance Rating as the Reviewing Official, approving the rating given by the Rating Official. Mr. Moser made no comments regarding Mr. Light's performance, conduct, or relations with colleagues and supervisors in the section where such comments could have been made by the Reviewing Official.

17.     There are no Agency documents or records which indicate that Mr. Light ever violated the Agency's Standards of Conduct or that any official Agency investigations and/or disciplinary actions were ever undertaken or taken against Mr. Light during his employment.

18.     Mr. Light pursued his claims of gender discrimination, retaliation and constructive discharge through the Agency EEO process, the Administrative Law Judge process, and through the District Court process, without success. The Agency was granted summary judgment on Mr. Light's claims in December, 2000.

19.     ALLAN HOBERMAN filed a declaration under penalty of perjury in Mr. Light's

District Court action, and was thus aware at all times relevant herein of Mr. Light's prior EEO activity.

**B.     Privacy Act System of Records**

19.     On March 9, 1995 the Agency published in the Federal Register, at 60 FR 13001-13002, amendments to the Agency's Privacy Act System of Records regarding former employees of the Office of Disaster Assistance. The Federal Register Notice stated that the amendments were intended "to expand the categories of individuals covered" by the Privacy Act System of Records. No other purpose for the amendments was stated.

20.     The Privacy Act System of Records as amended by the Agency and published in the Federal Register established what information regarding former employees of the Office of Disaster Assistance could be included in the former employee's Privacy Act record. The Federal Register Notice states that "[t]hese records contain name, address, telephone number where person can be reached, SSN, Disaster Area where employed, series and grade, job title, termination, name and job title of supervisor, and summary of supervisor's evaluation. Also included is information, if any, concerning violations of the Agency's Standards of Conduct (13 CFR Part 105) and information, if any, concerning official investigations and disciplinary actions taken with regard to the employee." There is no provision in the Agency Privacy Act System of Records for the inclusion of any extraneous comments, especially negative and derogatory comments for which there is no support in other records of the Agency or attribution as to source.

21.     On a date uncertain, the Agency created Mr. Light's Privacy Act record. The record was originally created on a paper card. The information thereon was subsequently transferred to an electronic database, and the original paper card was destroyed or lost.

6

22.  Mr. Light is informed and believes, and thereon alleges that on a date uncertain, but after Mr. Light had commenced his Title VII proceedings, Mr. Light's record was altered to include the comment "During employment in A4, the employee demonstrated conduct issues concerning his inability to get along w/his co-workers & managers." This statement was and is false, has no support in other records of the Agency, and has no attribution as to source.

23.  Mr. Light is informed and believes, and thereon alleges, that his electronic record in the Agency Privacy Act System of Records was in some way marked, or "red flagged," so that upon access of the record the individual making access to the record would be required to notify the headquarters of the Office of Disaster Assistance in Washington, District of Columbia, and to notify the Director of Disaster Personnel or his designee of the reason why Mr. Light's record was being accessed.

24.  Mr. Light is further informed and believes, and thereon alleges, that when his August, 2004 application for employment was received by Agency personnel in the Human Resources office of DAO2, Mr. Light's electronic record in the Agency Privacy Act System of Records was accessed, and the accessing of that record caused his application for employment to be removed from the application process and referred to Washington, District of Columbia, where the Director of Disaster Personnel, ALLAN HOBERMAN, learned of Mr. Light's application and acted to deny the application wholly or in part based on Mr. Light's letter of constructive discharge, written on September 14, 1994 and his prior Title VII activities.

C.  **Application for and denial of employment**

25.  On or about August 17, 2004, in response to Hurricane Charlie striking Florida, the Agency Office of Disaster Assistance advertised on its website "IMMEDIATE TEMPORARY

OPENINGS" for, *inter alia*, attorney/advisors in Disaster Area Office 2 (hereinafter "DAO2"). On August 18, in response to the advertisement, Mr. Light e-mailed a copy of his résumé and notified the Agency employee receiving the e-mail of his prior employment as an attorney/advisor with DAO4.

26.     At all times relevant herein, as a prior employee of the Agency in the same capacity and General Service grade, as a performance award winner, and having received a "fully successful" performance rating with no disciplinary actions taken against him, Mr. Light was fully qualified for one of the not less than twenty-three (23) attorney/advisor positions which were being filled by the Agency in response to Hurricane Charlie and the subsequent hurricanes which struck the southeast United States in the months of August and September, 2004.

27.     Despite following up weekly, Mr. Light heard nothing regarding his application until September 15, 2004, when he was informed for the first time that his application had been referred to the Office of Disaster Assistance headquarters in Washington, District of Columbia, and that the Director of Disaster Personnel, ALLAN HOBERMAN, had personally denied Mr. Light's application for employment.

28.     By letter Mr. Light asked ALLAN HOBERMAN to state the reasons for his denial of Mr. Light's application. Mr. Hoberman replied in writing on October 6, 2004. In his response, Mr. Hoberman stated "In your own letter of resignation, dated September 14, 1994, you stated that you left angry and made allegations about the management in the Sacramento office which were neither correct nor constructive. <u>This letter is indicative of your inability to work within the management frame work of the DAO 4 legal office.</u>" [Emphasis added]

29.     The letter dated September 14, 1994, to which Mr. Hoberman referred, was Mr.

8

Light's letter giving DAO4 Area Counsel and Deputy Area Counsel notice of his claim of constructive discharge, referred to in paragraph 14, above.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

30. Mr. Light first contacted an Agency EEO Counselor on October 28, 2004, within 30 days of the date of notice that his letter of September 14, 1994 was a motivating factor in the decision to deny him employment. He filed his formal complaint with the Agency Office of EEO and Civil Rights Compliance on November 24, 2004. The Agency completed and served the Report of Investigation on November 22, 2005. Mr. Light formally requested a Final Agency Decision ("FAD") on December 15, 2005. The Agency issued its FAD on July 10, 2006, and the FAD was received by Mr. Light on July 12, 2006. Mr. Light timely filed his Notice of Appeal to the Equal Employment Opportunity Commission on August 5, 2006. The Equal Employment Opportunity Commission issued its "Right to Sue" letter on March 27, 2008.

## COUNT I – RETALIATION/REPRISAL

31. Mr. Light repeats and incorporates herein as though set forth at length the allegations contained in paragraphs 1 through 30, above.

32. The Agency denied Mr. Light's application for employment in retaliation for his prior Title VII activity, including specifically because of his letter of constructive discharge written at the instruction and insistence of the EEO Counselor in DAO4, all in violation of Title VII of the Civil Rights Act of 1964, as amended, and specifically 42 U.S.C. § 2000e-16.

33. As a direct and proximate result of the Agency's violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, and specifically 42 U.S.C. § 2000e-16, Mr. Light has suffered, and will continue to suffer, damages, including but not limited to lost earnings, past

9

and future, lost earning capacity, emotional pain and suffering, inconvenience, mental anguish, and other pecuniary and non-pecuniary losses, according to proof.

### COUNT II – VIOLATION OF PRIVACY ACT

34. Mr. Light repeats and incorporates herein as though set forth at length the allegations contained in paragraphs 1 through 30, above.

35. The denial of Mr. Light's application for employment was based in part on false and defamatory statements contained in Mr. Light's electronic record in the Agency Privacy Act System of Records, which false and defamatory statements were included in said record without legal authority, in violation of the Privacy Act.

36. As a direct and proximate result of the Agency's violation of the Privacy Act, Mr. Light has suffered, and will continue to suffer, damages, including but not limited to lost earnings, past and future, lost earning capacity, emotional pain and suffering, inconvenience, mental anguish, and other pecuniary and non-pecuniary losses, according to proof.

WHEREFORE, Plaintiff CHARLES L. LIGHT prays this Court to grant relief as follows:

A. Enter judgment for Plaintiff and against Defendant;

B. For a declaration that the information contained in Plaintiff's record in Defendant's privacy Act System of Records contains false and malicious and defamatory information in violation of the provisions of the Privacy Act and in violation of the regulations upon which the defendant's Privacy Act System of Records, as amended, was created;

C. For an order mandating that Defendant remove all statements in Plaintiff's electronic and other records consisting of Defendant's Privacy Act System of Records not specifically permitted pursuant to the notice published in the Federal Register at 60 FR 13001-

13002, and specifically the information contained in the COMMENTS section of Plaintiff's record, and further mandating that Defendant remove any software or other methodology whereby access to Plaintiff's electronic record causes special treatment not otherwise caused by access to other Privacy Act records;

    D.    For a declaration that the denial of Plaintiff's application for employment in September, 2004 was in retaliation for Plaintiff's prior EEO activity in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, and specifically 42 U.S.C. § 2000e-16;

    E.    Awarding Plaintiff full back pay, including overtime pay and *per diem* allowances, and benefits, and to otherwise make Plaintiff whole;

    F.    Awarding Plaintiff all other pecuniary losses incurred by Plaintiff as a result of the illegal actions of Defendant;

    G.    Awarding Plaintiff compensatory damages in the sum of THREE HUNDRED THOUSAND and NO/100 DOLLARS ($300,000.00) as and for emotional distress, humiliation, pain, suffering, inconvenience, mental anguish and lost earning capacity;

    H.    Awarding Plaintiff his reasonable attorney's fees and all costs incurred in connection with this action; and

    I.    Granting Plaintiff all other relief as is just and proper in the premises.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully Submitted,

_____
CHARLES L. LIGHT
Plaintiff *Pro Se*
4079 S. Four Mile Run Drive #201
Arlington, VA 22204
(571) 312-2576
c.l.light@att.net

3                                                                    0120064625

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*
_____
Carlton M. Hadden, Director
Office of Federal Operations

MAR 2 5 2008
_____
Date

08 1073

**FILED**

JUN 2 3 2008

**Clerk, U.S. District and Bankruptcy Courts**

4

0120064625*

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Charles L. Light
4079 S. Four Mile Run Drive #201
Alexandria, VA  22204


Margareth J. Bennett, Assistant Administrator
Equal Employment Opportunity and Civil Rights Compliance
Small Business Administration
409 Third St., SW  #6400
Washington, DC  20416


__MAR 2 5 2008__
Date


_____
Equal Opportunity Assistant

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

08-1074
RMU

### I (a) PLAINTIFFS
CHARLES L. LIGHT

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

### DEFENDANTS
JOVITA CARRANZA, Acting Administrator,
United States Small Business Administration

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Charles L. Light, Plaintiff pro se
4079 S. Four Mile Run Drive # 201
Arlington, VA  22204
(571) 312-2576

Case: 1:08-cv-01074
Assigned To : Urbina, Ricardo M.
Assign. Date : 6/23/2008
Description: Employ. Discrim.

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**
☐ 410 Antitrust

**○ B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(3)

| ○ G. *Habeas Corpus/ 2255* | ⊙ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 U.S.C. Section 2000e-16 and 5 U.S.C. Section 552a, retaliation/reprisal for Title VII activities and violation of Privacy Act

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ 300,000+    Check YES only if demanded in complaint
JURY DEMAND: YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐  NO ☒    If yes, please complete related case form.

DATE 06/23/08    SIGNATURE OF ATTORNEY OF RECORD /s/ Pro Se

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.