UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLES L. LIGHT,                       :
                                        :
         Plaintiff,                     :    Civil Action No.:    08-1074 (RMU)
                                        :
         v.                             :    Re Document Nos.:    8, 10, 13, 15, 18
                                        :
KAREN G. MILLS, Administrator,          :
U.S. Small Business Administration,[1]  :
                                        :
         Defendant.                     :

# MEMORANDUM OPINION

**Denying the Defendant's Motion to Dismiss the First Amended Complaint; Denying without Prejudice the Defendant's Motion in the Alternative for Summary Judgment; Denying the Plaintiff's Motion for Leave to File a Sur-Reply; Denying as Moot the Plaintiff's Motions to Strike**

## I. INTRODUCTION

This matter comes before the court on the defendant's motion to dismiss or, in the alternative, for summary judgment. The *pro se* plaintiff, an attorney, claims that the defendant retaliated against him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, by declining to hire him as an Attorney Advisor because the plaintiff, whom the defendant employed for several months in 1994, had previously accused the defendant of committing unlawful discrimination. The defendant has moved to dismiss or, in the alternative, for summary judgment. Because the court rejects the basis for the defendant's motion to dismiss, and because summary judgment is not warranted at this time as the parties have not yet engaged in discovery, the court denies the defendant's motion to dismiss and denies

---

[1]   Mills is automatically substituted for Jovita Carranza, the previous Acting Administrator of the Small Business Administration. *See* Fed. R. Civ. P. 25(d).

without prejudice the defendant's motion in the alternative for summary judgment. This ruling renders moot the remaining motions currently pending in this case.

## II. FACTUAL & PROCEDURAL BACKGROUND

The roots of this action trace back to February 1994, when the defendant hired the plaintiff as an Attorney Advisor in the Sacramento, California office of its Agency Office of Disaster Assistance (referred to by the parties and hereinafter as "the DAO4 position") following a major earthquake in California in January 1994. Am. Compl. ¶ 8. The DAO4 position was to last only sixty days, but the defendant extended the plaintiff's employment for successive sixty-day periods until September 1994, when the defendant terminated the plaintiff's employment. *Id.* ¶¶ 9, 13. According to the defendant, it decided not to continue the plaintiff's employment because of several inappropriate comments that he had made, which had created an uncomfortable work environment for the plaintiff's female coworkers in particular. Def.'s Mot. at 3-4. In a letter written to the defendant following his termination, the plaintiff maintained that it was he who was subjected to "intolerable and discriminatory working conditions," as a result of one female coworker who appointed herself the "gender police" and overreacted to comments that the plaintiff made concerning sexual harassment in the workplace. *See id.*, Ex. 2.

Following his termination from the DAO4 position, the plaintiff commenced a lawsuit in the Eastern District of California claiming sex discrimination, retaliation and constructive discharge. Am. Compl. ¶ 19. In 2001, that court granted summary judgment in the defendant's favor. *See generally Light v. Alvarez*, No. S-99-778 (E.D. Cal. Jan. 18, 2001). Three years later, in 2004, the plaintiff applied for one of several Attorney Advisor positions that had been created

2

in Disaster Area Office 2 in the aftermath of Hurricane Charlie (referred to by the parties and hereinafter as "the DAO2 position"). The defendant maintains that when it received the plaintiff's application, it consulted the database of personnel records that it maintains for all former employees. Def.'s Mot., Ex. 4 (Aff. of Allan Hoberman, Director of Disaster Personnel ("Hoberman Aff.")). The "comments" section of the plaintiff's personnel records stated: "During employment in A4," – *i.e.*, the DAO4 position – "the employee demonstrated conduct issues concerning his inability to get along w/his co-workers & managers." Def.'s Mot., Ex. 5. The plaintiff maintains that that comment is false. Am. Compl. ¶ 24. As a result of the comment, the plaintiff's application was forwarded to the defendant's Director of Disaster Personnel, Allan Hoberman, who was familiar with the plaintiff from his employment in the DAO4 position in 1994. Hoberman Aff. ¶ 3. In September 2004, the defendant notified the plaintiff that it had chosen not to hire him for the DAO2 position. Am. Compl. ¶ 29.

The plaintiff commenced this action in June 2008, claiming that the defendant's decision not to hire him for the DAO2 position was made in retaliation for the plaintiff's complaint of discrimination concerning the DAO4 position in 1994. *Id.* ¶ 34. The plaintiff filed an amended complaint in February 2009, *see generally id.*, and the defendant filed a motion to dismiss or, in the alternative, for summary judgment in March 2009, *see generally* Def.'s Mot. As that motion is now ripe for adjudication, the court turns to the applicable legal standards and the parties' arguments.

## III. ANALYSIS

### A. Legal Standard for a Retaliation Claim

To prevail on a claim of retaliation, a plaintiff must follow the *McDonnell Douglas* framework. *Taylor v. Solis*, 571 F.3d 1313, 1320 n.* (D.C. Cir. 2009) (observing that "[r]etaliation claims based upon circumstantial evidence are governed by the three-step test of *McDonnell Douglas Corp. v. Green*"); *Morgan v. Fed. Home Loan Mortgage Corp.*, 328 F.3d 647, 651 (D.C. Cir. 2003) (applying the *McDonnell Douglas* framework to a Title VII retaliation claim). The Supreme Court explained the framework as follows:

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of [retaliation]. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, [non-retaliatory] reason for the employee's rejection" . . . . Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for [retaliation] . . . . The ultimate burden of persuading the trier of fact that the defendant intentionally [retaliated] against the plaintiff remains at all times with the plaintiff.

*Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981) (internal citations omitted) (quoting *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973)).

To establish a prima facie case of retaliation, a plaintiff must show that (1) he engaged in a statutorily protected activity, (2) a reasonable employee would have found the challenged action materially adverse,[2] and (3) there existed a causal connection between the protected

---

[2] In the retaliation context, the term "adverse action" "encompass[es] a broader sweep of actions than those in a pure discrimination claim." *Baloch v. Kempthorne*, 550 F.3d 1191, 1198 n.4 (D.C. Cir. 2008). Thus, "[r]etaliation claims are 'not limited to discriminatory actions that affect the terms and conditions of employment' and may extend to harms that are not workplace-related or employment-related so long as 'a reasonable employee would have found the challenged action materially adverse.'" *Id.* (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 64, 68 (2006)).

activity and the materially adverse action. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67-69 (2006); *Jones v. Bernanke*, 557 F.3d 670, 677 (D.C. Cir. 2009). The plaintiff's burden is not great: he "need only establish facts adequate to permit an inference of retaliatory motive." *Forman v. Small*, 271 F.3d 285, 299 (D.C. Cir. 2001).

If the employer successfully presents a legitimate, non-retaliatory reason for its actions, "the presumption raised by the prima facie is rebutted and drops from the case." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993) (internal citation omitted); *Brady v. Office of the Sergeant at Arms, U.S. House of Representatives*, 520 F.3d 490, 494 (D.C. Cir. 2008) (noting that "the prima facie case is a largely unnecessary sideshow"). Upon such a showing by the defendant, the district court need resolve only one question: "Has the employee produced sufficient evidence for a reasonable jury to find that the employer's asserted non-[retaliatory] reason was not the actual reason and that the employer intentionally [retaliated] against the employee on the basis of race, color, religion, sex, or national origin?" *Brady*, 520 F.3d at 494. In other words, did the plaintiff "show *both* that the reason was false, *and* that . . . [retaliation] was the real reason." *Weber v. Battista*, 494 F.3d 179, 186 (D.C. Cir. 2007) (alterations in original and internal quotations omitted) (quoting *Hicks*, 509 U.S. at 515). The court must consider whether the jury could "infer [retaliation] from the plaintiff's prima facie case and any other evidence the plaintiff offers to show that the actions were [retaliatory] or that the non-[retaliatory] justification was pretextual." *Smith v. District of Columbia*, 430 F.3d 450, 455 (D.C. Cir. 2005) (quoting *Murray v. Gilmore*, 406 F.3d 708, 713 (D.C. Cir. 2005)). The court should assess the plaintiff's challenge to the employer's explanation in light of the totality of the

circumstances of the case. *Aka v. Wash. Hosp. Ctr.*, 156 F.3d 1284, 1291 (D.C. Cir. 1998) (en banc).

The strength of the plaintiff's prima facie case, especially the existence of a causal connection, can be a significant factor in his attempt to rebut the defendant's legitimate non-retaliatory reason for the adverse action. *See Aka*, 156 F.3d at 1289 n.4 (stating that "a *prima facie* case that strongly suggests intentional discrimination may be enough by itself to survive summary judgment"); *Laurent v. Bureau of Rehab., Inc.*, 544 F. Supp. 2d 17, 23 n.5 (D.D.C. 2008) (holding that the plaintiff cannot establish pretext because "she is unable to show any causal connection"); *Meadows v. Mukasey*, 2008 WL 2211434, at *5-6 (D.D.C. May 29, 2008) (holding that the plaintiff demonstrated pretext in part by establishing a causal connection). The plaintiff may establish a causal connection "by showing that the employer had knowledge of the employee's protected activity, and that the [retaliatory] personnel action took place shortly after that activity." *Cones v. Shalala*, 199 F.3d 512, 521 (D.C. Cir. 2000) (quoting *Mitchell v. Baldrige*, 759 F.2d 80, 86 (D.C. Cir. 1985)); *accord Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (noting that the temporal connection must be "very close": a three- or four-month period between an adverse action and protected activity is insufficient to show a causal connection, and a twenty-month period suggests "no causality at all").

### B. The Court Denies the Defendant's Motion to Dismiss

The defendant urges the court to dismiss the plaintiff's retaliation claim based on issue preclusion. Def.'s Mot. at 12-14. More specifically, the defendant asserts that its reason for declining to hire the plaintiff for the DAO2 position in 2004 – namely, the plaintiff's inability to get along with his coworkers and managers – was the same as its reason for choosing not to renew his appointment for the DAO4 position in 1994. *Id.* at 13. The defendant notes that the

Eastern District of California previously granted summary judgment to the defendant on the plaintiff's claim that the decision not to renew his appointment for the DAO4 position was discriminatory. *Id.* Thus, the defendant claims, the Eastern District of California decided that the defendant had a legitimate, non-discriminatory justification for its decision not to employ the plaintiff in 1994, and that determination has issue-preclusive effect, thereby establishing conclusively that the defendant had a legitimate, non-retaliatory justification for choosing not to employ the plaintiff when he applied for the DAO2 position in 2004. *Id.*

The plaintiff opposes the defendant's motion to dismiss, arguing that issue preclusion is not appropriate because the ruling that ostensibly has preclusive effect – the Eastern District of California's determination that the defendant had a legitimate, non-discriminatory reason for choosing not to employ the plaintiff – was not actually litigated. *See* Pl.'s Opp'n at 8-10. The plaintiff also contends that the holding concerning the existence of a legitimate, non-discriminatory reason was not necessary to the judgment in the Eastern District of California action, *see id.* at 10-13, and that issue preclusion does not apply in this case because the Eastern District of California's holding concerning the existence of a legitimate, non-discriminatory reason was one of multiple holdings in support of its ruling, *see id.* at 13-14. Finally, the plaintiff asserts that because the defendant bears the burden of asserting a legitimate, non-discriminatory reason, the court should not apply issue preclusion in this case. *See id.* at 14-16.

Though it has no need to tread into the thicket of the plaintiff's reasoning, the court agrees with the plaintiff that issue preclusion does not bar his retaliation claim. "A fundamental requisite of issue preclusion is an identity of the issue decided in the earlier action and that sought to be precluded in a later action." *Clark-Cowlitz Joint Operating Agency v. Fed. Energy*

*Regulatory Comm'n*, 826 F.2d 1074, 1079 (D.C. Cir. 1987). In this case, however, the issue addressed by the Eastern District of California was different from the issue in this case. The Eastern District of California action concerned whether the defendant's decision not to renew the plaintiff's appointment *for the DAO4 position in 1994* violated Title VII, whereas this case concerns the related but separate question of whether the defendant's decision not to hire the plaintiff *for the DAO2 position in 2004* violates Title VII. *See Burdine*, 450 U.S. at 250 (assessing whether the defendant asserted a "legitimate, nondiscriminatory reason[] for *the challenged employment action*") (emphasis added). Put differently, because the employment action challenged in the Eastern District of California case was different from the employment action challenged in this case, there is no identity of issues, notwithstanding the fact that the defendant advances the same legitimate, non-discriminatory justification for the two actions. *Cf. Anderson v. Genuine Parts Co.*, 128 F.3d 1267, 1273 (8th Cir. 1997) (rejecting the plaintiff's issue preclusion argument despite the fact that a jury had previously ruled in favor of the plaintiff's coworker, who was demoted along with the plaintiff and whose claim of age discrimination was essentially identical to the plaintiff's claim). Therefore, the Eastern District of California's grant of judgment to the defendant on the plaintiff's claims concerning his termination from the DAO4 position does not have issue-preclusive effect on the plaintiff's claim of retaliation based on the defendant's decision not to hire him for the DAO2 position.

The two cases that the defendant relies in support of its argument on are inapposite. In the first case, *Wrenn v. Kurtz*, the Sixth Circuit – in an unpublished opinion – held that because it had previously held that there was a legitimate, non-discriminatory justification for the plaintiff's discharge, and because the defendants had relied on that justification in refusing to rehire the

plaintiff, the plaintiff had failed to establish intentional discrimination. 915 F.2d 1574, 1574 (6th Cir. 1990). Sixth Circuit opinions are not binding on this court, and for the reasons discussed above, the court does not consider the reasoning of *Wrenn* persuasive.[3] *Vines v. University of Louisiana at Monroe*, the other case on which the defendant relies, is even further off the mark. In *Vines*, the Fifth Circuit held that because the district court had previously concluded that the defendant had a legitimate, non-discriminatory justification for paying lower salaries to and not renewing the contracts of the plaintiffs, and because a parallel state court action "involve[d] claims that ar[o]se out of precisely the same set of facts, raise[d] the same issues . . . and [sought] monetary relief" for the same individuals, the district court's determination had preclusive effect in the state court action. 398 F.3d 700, 710 (5th Cir. 2005). In this case, the plaintiff's claim does not arise out of an identical set of facts or raise identical issues as the claims that were at issue in the Eastern District of California matter. To the contrary, the retaliation claim arises out of a separate employment action, namely, the decision not to hire the plaintiff for the DAO2 position in 2004. *See generally* Am. Compl. As a result, the defendant's reliance on *Vines* is misplaced. For all of the foregoing reasons, the court denies the defendant's motion to dismiss the plaintiff's retaliation claim.

---

[3] The court also notes that the decision in *Wrenn* was issued before Title VII was amended in 1991 to explicitly "set[] forth standards applicable in 'mixed motive' cases." *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 94 (2003). Prior to the 1991 amendment, plaintiffs asserting unlawful discrimination were generally required to "show that an illegitimate consideration was a 'substantial factor' in the employment decision." *Id.* at 93-94. In this case, by contrast, the defendant could potentially be found liable under Title VII, as amended in 1991, if its decision not to hire the plaintiff for the DAO2 position was based on a legitimate justification as well as on retaliatory animus. *See id.* at 101 (stating that "a plaintiff need only present sufficient evidence for a reasonable jury to conclude, by a preponderance of the evidence, that [a prohibited classification] was *a motivating factor* for any employment practice") (emphasis added).

### C. The Court Denies Without Prejudice the Defendant's
### Motion in the Alternative for Summary Judgment

The defendant maintains that there is no genuine issue of material fact in this case because it has offered a legitimate, non-discriminatory justification for its decision not to hire the plaintiff for the DAO2 position, and the plaintiff is unable to offer any evidence of pretext. Def.'s Mot. at 14-18. The plaintiff responds that if he is permitted to take discovery, "he will be able to firmly establish that the only basis for denying his application for employment was [his] prior EEO activity." Pl.'s Opp'n at 16.

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment. *Id.* The nonmoving party may defeat summary judgment through factual representations made in a sworn affidavit if he "support[s] his allegations . . . with facts in the record," *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999) (quoting *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993)), or provides "direct testimonial evidence," *Arrington v. United States*, 473 F.3d 329, 338 (D.C. Cir. 2006).

The court agrees that it should not rule on the defendant's request for summary judgment

until after the parties have had an opportunity to engage in discovery. *See Americable Int'l, Inc. v. Dep't of Navy*, 129 F.3d 1271, 1274 (D.C. Cir. 1998) (holding that neither the Circuit nor the district court was "in a position to decide as a matter of law whether there [was] a genuine dispute . . . because the district court did not permit [the plaintiff] any discovery before issuing its ruling"); *First Chi. Int'l v. United Exchange Co.*, 836 F.2d 1375, 1380 (D.C. Cir. 1988) (observing that ordinarily, "summary judgment is proper only after the plaintiff has been given adequate time for discovery"). As a result, the court denies without prejudice the defendant's motion in the alternative for summary judgment.[4]

## IV. CONCLUSION

For the foregoing reasons, the court denies the defendant's motion to dismiss the first amended complaint, denies without prejudice the defendant's motion in the alternative for summary judgment, denies the plaintiff's motion for leave to file a sur-reply and denies the plaintiff's motions to strike. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 25th day of March, 2010.

RICARDO M. URBINA
United States District Judge

---

[4] Because the plaintiff will have the opportunity to conduct discovery, the court need not address his request for discovery under Federal Rule of Civil Procedure 56(f). *See Velikonja v. Mueller*, 315 F. Supp. 2d 66, 81 n.14 (D.D.C. 2004) (denying as moot the plaintiff's Rule 56(f) motion because the court denied the defendant's motion for summary judgment), *rev'd in part on other grounds*, *Velikonja v. Gonzales*, 466 F.3d 122 (D.C. Cir. 2006). In addition, this ruling renders moot the plaintiff's motions to strike two of the defendant's exhibits and the plaintiff's motion for leave to file a sur-reply.